E-FILED
Monday, 23 November, 2026 12:01:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| AUSTIN DUNLOP, Plaintiff, | ) | |
| v. | ) | 4:26-cv-04063-MMM |
| ANDREW COMPTON, et al., Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in custody as a pretrial detainee at the Rock Island County Jail, seeks to assert claims in this Court.

The case is before the Court for a merit review of Plaintiff's amended complaint. The Court must "screen" Plaintiff's operative pleading and identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must state a claim for relief that is plausible on its face. *See Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff names as Defendants law enforcement officers Compton, Yeater, Murphy, Salvador, and Gault, Judges Frank Fuhr and Haney Khory, Public Defenders Wassell, McCabe, Klein, and Davison, and State's Attorneys Brockway, Cichon, Sandrock, and Villareal.

Plaintiff alleges that these Defendants engaged in a variety of actions related to his state court criminal prosecution in Rock Island County, Illinois, Circuit Court. Plaintiff asserts these judicial, prosecutorial, defense counsel, and law enforcement officer defendants have violated his rights as follows: 1) law enforcement violated his Fourteenth Amendment rights by not simply writing him a warning or citation for his license plate light being out, 2) law enforcement violated his Fourteenth Amendment rights by arresting him against his will, 3) Judge Khory, ASAs Sandrick and Scott, and PD Davis violated his rights when they advised of him of his rights via video instead of in person, 4) Judge Fuhr, ASAs Brockway, PDs Klein and Wassell, and officer Noyd violated Plaintiff's rights when the preliminary hearing and arraignment were not handled properly on December 30, 2025, 5) PD McCabe and Judge Fuhr violated Plaintiff's rights by allowing counsel to withdraw at a hearing on January 30, 2026, 6) officers Compton, Yeater, Murphy, and Salvador violated Plaintiff's Fourth Amendment rights by searching Plaintiff's "body and pockets" were searched during a frisk on December 19, 2025, 7) officers Compton, Yeater, Murphy, and Salvador searched and seized Plaintiff's vehicle without consent or a warrant on December 19, 2025, in violation of the Fourth Amendment, 8) officers Compton, Yeater, Murphy, and Salvadore opened a locked safe on December 19, 2025, in violation of the Fourth Amendment, 9) Officers Compton, Yeater, Murphy, and Salvadore unconstitutionally prolonged a traffic stop on December 19, 2025, 10) Officer Compton "did an excessive traffic stop" against Plaintiff on December 19, 2025, 11) Officer Compton violated Plaintiff's Fifth Amendment rights when Plaintiff requested an attorney be present, 12) Compton, Yeater, Murphy, and Salvadore arrested and questioned Plaintiff in violation of the Fifth Amendment without an attorney present, 13) Compton and Yeats sexually harassed Plaintiff by pulling his pants down and groping his genitals during a search, 14) appear to duplicate claim 9, but purports to be brought under the Eighth Amendment, 15) relates to the officers search of a

phone and obtaining a statement without an attorney present, 16) asserts Davis, Khory, Sandrock, and Scott violated Plaintiff's right to effective assistance of counsel during a hearing on December 20, 2025, 17) asserts Klein, Wassel, Fuhr, Officer Katherine, and officer Compton violated his rights at a hearing on December 30, 2025, 18) asserts the officers violated Plaintiff's Fourth Amendment rights by searching and seizing his cell phone without a warrant, 19) unlawful detention against the Officers, 20) Ninth Amendment violation against the officer Defendants, 21) Tenth Amendment violation against unclear Defendants, and 22) malicious prosecution against ASA Villareal based on Plaintiff's complaints with the underlying traffic stop and search.

As alleged, Plaintiff does not state a claim against any Defendant.

Judges Fuhr and Khory are entitled to judicial immunity. These allegations are based on the judges performing core judicial functions and are thus without merit. *Kowalski v. Boliker*, 893 F.3d 987, 997 (7th Cir. 2018).

Assistant State's Attorneys Brockway, Cichon, Sandrock, and State's Attorney Villareal are entitled to prosecutorial immunity. Plaintiff sues these individuals based on their work as prosecutors; he expounds upon alleged constitutional issues with the underlying investigation, but everything he alleges against the ASAs and SA Villareal has to do with prosecutorial decisions and functions and actions during the prosecutorial phase of the case, and they are therefore immune from suit. *Stinson v. Gauger*, 868 F.3d 516, 528 (7th Cir. 2017) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Public Defenders Wassell, McCabe, Klein, and Davison are not "state actors" for purposes of § 1983 liability, so claims related to these lawyers' actions and or inactions are meritless. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's remaining allegations are against law enforcement officers, and are mixed in with the claims listed above which are barred as stated above. The claims as alleged are also unclear regarding essential information needed for the Court to determine if Plaintiff has stated a claim against the officer Defendants. As pleaded they are too vague to state a claim. Plaintiff will be allowed to amend the complaint if he so desires.

IT IS THEREFORE ORDERED:

1. **Pursuant to the Court's merit review of the amended complaint under 28 U.S.C. § 1915A, Plaintiff does not state a claim against any Defendant.**

2. **Plaintiff is allowed 21 days to file a motion for leave to amend with a proposed amended complaint attached. If he does not timely so move, or if the proposed amended complaint still does not state a claim, this action will be dismissed.**

Entered November 23, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE